IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ROY FRANKLIN ECHOLS, JR.,

    Petitioner,

v.                        Civil Action No. 3:01CV155
                         Civil Action No. 3:13CV378

RONALD ANGELONE,

    Respondent.

**MEMORANDUM OPINION**

By Memorandum Opinion and Order entered on June 18, 2001 the Court denied a petition under 28 U.S.C. § 2254 by Roy Franklin Echols, Jr. challenging his Virginia convictions for two counts of murder, one count of malicious wounding, and three related firearm offenses. Echols v. Angelone, No. 3:01cv155 (E.D. Va. June 18, 2001). On October 12, 2012, the Court received a "MOTION FOR RELIEF FROM JUDGMENT" ("Rule 60(b) Motion"), wherein Echols requests relief under Federal Rule of Civil Procedure 60(b). The Rule 60(b) Motion must be treated as a successive, unauthorized 28 U.S.C. § 2254 petition.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996) (internal quotation marks

omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has held that inmates may not avoid the bar on successive collateral attacks on their convictions and sentences by inventive labeling. <u>See</u> <u>United States v. Winestock</u>, 340 F.3d 200, 206 (4th Cir. 2003). The Fourth Circuit has held "that district courts <u>must</u> treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" <u>Id.</u> (quoting <u>Calderon v. Thompson</u>, 523 U.S. 538, 553 (1998)). The Fourth Circuit provided the following guidance in distinguishing between a proper Fed. R. Civ. P. 60(b) motion and an improper successive § 2255 motion:

> [A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly,

2

> new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

Id. at 207 (internal citation omitted).

Echols's Rule 60(b) Motion does not raise procedural defects in this Court's § 2254 review process. Rather, Echols continues to challenge his underlying convictions. Therefore, Echols's Rule 60(b) Motion must be treated as a successive § 2254 petition. Because the Court has not received authorization from the Fourth Circuit to file the petition, the action will be dismissed for want of jurisdiction.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). Echols fails to satisfy this standard. Accordingly, a certificate of appealability will be denied.

3

The Clerk is directed to send a copy of this Memorandum Opinion to Echols and counsel for Respondent.

Date: June 12, 2013
Richmond, Virginia

/s/ REP
Robert E. Payne
Senior United States District Judge