IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ROY FRANKLIN ECHOLS, JR.,

    Petitioner,

v.                                               Civil Action No. 3:01CV155
                                               Civil Action No. 3:13CV378

RON ANGELONE,

    Respondent.

**MEMORANDUM OPINION**

By Memorandum Opinion and Order entered on June 18, 2001, the Court denied a petition under 28 U.S.C. § 2254 by Roy Franklin Echols, Jr. challenging his Virginia convictions for two counts of murder, one count of malicious wounding, and three related firearm offenses. Echols v. Angelone, No. 01CV155 (E.D. Va. June 18, 2001). On October 12, 2012, the Court received a "MOTION FOR RELIEF FROM JUDGMENT" ("Rule 60(b) Motion"), wherein Echols requested relief under Federal Rule of Civil Procedure 60(b). By Mémorandum Opinion and Order entered on June 13, 2013, the Court found the Rule 60(b) Motion was a successive, unauthorized petition under 28 U.S.C. § 2254 and dismissed the matter for want of jurisdiction. On June 27, 2013, the Court received from Echols a document which he styled as "PETITION FOR REHEARING AND REHEARING ENBANC." (ECF No. 40.) Because Echols filed the foregoing petition within twenty-eight (28) days of

the entry of the June 13, 2013 Memorandum Opinion and Order, the Court will consider the petition as a motion for relief under Federal Rule of Civil Procedure 59(e) (hereinafter "Rule 59(e) Motion"). See MLC Auto., LLC v. Town of Southern Pines, 532 F.3d 269, 277-78 (4th Cir. 2008) (citing Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978)). For the reasons stated herein, the Rule 59(e) Motion will be denied.

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406, 1419 (D. Md. 1991); Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Echols fails to demonstrate any basis for granting relief under the above three grounds. Accordingly, Echols's Rule 59(e) Motion (ECF No. 40) will be denied.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This

2

requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). Echols fails to satisfy this standard.  Accordingly, a certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Echols.

An appropriate Order shall issue.

/s/  *REP*
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: *September 3, 2013*